# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

FREE THE NIPPLE – SPRINGFIELD  )
RESIDENTS PROMOTING EQUALITY,  )
JESSICA LAWSON, and AMBER  )
HUTCHISON,  )
  )
    Plaintiffs,  )
  )
vs.  )   Case No. 6:15-CV-3467-REL
  )
CITY OF SPRINGFIELD, MISSOURI,  )
  )
    Defendant.  )

## AMENDED COMPLAINT

Plaintiffs, Free the Nipple – Springfield Residents Promoting Equality, Jessica Lawson, and Amber Hutchison allege as follows:

## INTRODUCTION

1. Plaintiffs are women and an unincorporated association of both men and women who believe in equality. They have focused upon the double standards, hypocrisies, and sexualization of the female upper body that underlie government efforts to censor female breasts. They strive for gender equality.

2. Defendant previously criminalized "the showing of the human male or female genitals, or pubic area, or the middle third of the buttocks, measured vertically, with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state."

3. Plaintiffs and others protested the double standard for women exemplified by Springfield's ordinance on or about August 7, 2015, and/or August 23, 2015, by

marching at Park Central Square in downtown Springfield without shirts, but with their nipples covered, in compliance with the ordinance.

4. In response to that protest, Defendant repealed its previous ordinance and enacted a replacement. The new ordinance makes it a crime in Springfield to show "one's genitals, buttocks, vulva, pubic hair, pubic area[,] or the female breast below a point immediately above the top of the areola, for the purpose of sexual arousal or gratification or which is likely to cause affront or alarm[.]" However, Defendant now exempts from this regulation "exposure of the female breast necessarily incident to breast-feeding an infant" and "performances of adult entertainment."

5. Plaintiffs challenge Springfield's ordinance insofar as it criminalizes their expressive conduct, treats women differently than men by subjecting them to inferior legal status and criminalizing their expression based on their sex, and criminalizes the expression of breast milk and certain exposure of the female breast related to breast-feeding. Plaintiffs also challenge the ordinance on the basis that it fails to provide adequate notice of when their expressive activity will become criminal in that the criminality of their expressive activity will be determined by the subjective responses of third parties.

## PARTIES

6. Plaintiff Free the Nipple – Springfield Residents Promoting Equality is an unincorporated association of residents of Springfield, Missouri, who advocate for gender equality by challenging the double standards, hypocrisies, and sexualization of women that supports laws and policies that treat women as inferior to men.

7. Plaintiff Jessica Lawson is a resident of Springfield.

8. Plaintiff Amber Hutchison is a resident of Springfield.

9. Defendant City of Springfield, Missouri, is a municipal corporation and political subdivision of the State of Missouri.

## JURISDICTION AND VENUE

10. Plaintiffs bring this claim pursuant to 42 U.S.C. § 1983; the First Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment to the United States Constitution; the Equal Protection Clause of the Fourteenth Amendment; and, pursuant to this Court's supplemental jurisdiction, seek a declaratory judgment, pursuant to Mo. Rev. Stat. § 527.020, that the ordinance is void and unenforceable because it conflicts with Mo. Rev. Stat. § 191.918.

11. This Court has jurisdiction under 28 U.S.C. § 1331 over Plaintiffs' claims that "arise[] under the Constitution of the United States."

12. This Court has supplemental jurisdiction over Plaintiffs' state-law claim pursuant to 28 U.S.C. § 1367(a).

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) because Defendant is located in Greene County, Missouri, and its actions giving rise to the claim in this suit occurred in Greene County.

14. Venue is proper in the Southern Division pursuant to Local Rule 3.1(a)(3)(a).

## FACTS

15. Prior to on or about September 14, 2015, Springfield's ordinance provided that "[n]o person shall appear in a place open to public view in a state of nudity." Nudity was defined as "the showing of the human male or female genitals, or pubic area, or the middle third of the buttocks, measured vertically, with less than a fully opaque covering,

the showing of the female breast with less than a fully opaque covering of any part of the nipple, or the showing of covered male genitals in a discernibly turgid state." The provision was codified as § 78-222 of the Springfield City Code as an "Offense[] Against Morals."

16. In Plaintiffs' view, the Springfield ordinance was discriminatory against girls and women by making it a crime to show their nipples in any place where they might be viewed by others while allowing boys and men to show their nipples at any time or place without fear of arrest or prosecution.

17. The development of male and female breasts is the same from fetus until puberty. Beginning at puberty, breast development stops for most males and continues for most females. As a result, for most males, the breasts' ducts do not develop lobules or glands, and, for most women, they do. Both the male and female breasts have ducts, fat, sweat glands, nipples, and areolae.

18. Plaintiffs and others gathered at Park Central Square in downtown Springfield on or about August 7, 2015, and/or August 23, 2015, to protest § 78-222's discriminatory treatment of women. In Plaintiffs' view, the justifications for criminalizing the appearance of a female nipple, while simultaneously permitting exposure of male nipples, are borne of tired sex stereotypes, double standards, hypocrisies, and the hyper-sexualization (primarily by men) of women's breasts.

19. At the August 7, 2015 protest, Plaintiff Hutchison and other men and women appeared without the top portion of their bodies covered, except for a fully opaque covering of their nipples. The women covered their nipples because it would have been a crime not to do so. The men covered their nipples, although not required to do so by law, as a sign of

solidarity with women and to demonstrate the frivolity of Springfield's sex-based regulation of nipples.

20. At the August 23, 2015 protest, Plaintiffs Lawson and Hutchison and other men and women appeared without the top portion of their bodies covered, except for a fully opaque covering of their nipples. The women covered their nipples because it would have been a crime not to do so. The men covered their nipples, although not required to do so by law, as a sign of solidarity with women and to demonstrate the frivolity of Springfield's sex-based regulation of nipples.

21. Plaintiffs' expressive conduct, including their covering of nothing more on their upper bodies than their nipples, was in full compliance with § 78-222 and every other pertinent law.

22. In response to the protests, a council member, Justin Burnett, sponsored a bill, known as Council Bill No. 2015-227 and General Ordinance No. 6225, which purports to safeguard the sensibilities of Springfield residents and visitors to Springfield by imposing additional restrictions on women.

23. Council Bill No. 2015-227 repeals § 78-222 and replaces it with a new § 78-222 that creates the crime of "indecent exposure or conduct," which is committed upon "exposure of … the female breast below a point immediately above the top of the areola" when it "is likely to cause affront or alarm."

24. The sponsoring council member explained at public hearings that the August protests did cause affront or alarm.

25. The city council advanced three reasons for its new regulation of women:

a. Springfield has worked to be a "family friendly" tourist spot, and the breasts of women undermine this mission;

b. Protests might have underage participants and, should any of those underage participants be girls that reveal a portion of their breasts, someone might take a picture and show it to others, intentionally or accidentally disseminating child pornography; and

c. The City has an interest in ensuring that protests do not offend residents.

26. The reasons advanced by the city council demonstrate that the ordinance is in response to and targets the August protests.

27. The reasons advanced by the city council demonstrate that the ordinance's purpose is to perpetuate stereotypes about girls and women and is a response to the council's apparent view that the breasts of women are primarily objects of sexual desire.

28. Although advanced as a safeguard against moral decay, Council Bill No. 2015-227 eliminates § 78-222's restriction on covered male genitalia such that men are now permitted to show their "covered genitals in a discernibly turgid state."

29. In addition, Council Bill No. 2015-227, allows women to expose their entire breasts, including nipples, if it is for the purpose of "adult entertainment."

30. Council Bill No. 2015-227 provides "that any exposure of the female breast necessarily incident to breast-feeding an infant shall not been deemed to be a violation of [the ordinance]."

31. "Infant" is widely understood to refer to a person aged 0-12 months. *See* Mo. Rev. Stat. §§ 211.447, 208.151, 210.223; 42 U.S.C. § 1786(b)(5); 42 U.S.C. § 1396a(l)(1); 21 C.F.R. § 201.19; 7 C.F.R. § 246.2; Centers for Disease Control and Prevention, "Child

Development," http://www.cdc.gov/ncbddd/childdevelopment/positiveparenting/ (last updated Feb. 12, 2015); U.S. National Library of Medicine, NIH, "Infant-newborn development," https://www.nlm.nih.gov/medlineplus/ency/article/002004.htm (last updated Feb. 5, 2015); American Academy of Pediatrics, *Bright Futures: Guidelines for Health Supervision of Infants, Children, and Adolescents*, at 17-18 (3d ed. 2008).

32. Plaintiffs Lawson and Hutchison are currently breast-feeding. At times, this results in the exposure of the female breast below a point immediately above the top of the areola that is incidental, but not necessary, to breast-feeding a child. In addition, at times they express breast milk, which also results in exposure of the female breast below a point immediately above the top of the areola.

33. Plaintiff Lawson's breast-feeding child is over one year old.

34. Plaintiff Hutchison's breast-feeding child is over two years old.

35. Based on public statements and comments of council members supportive of the ordinance, Plaintiffs reasonably believe that any exposure of the female breast below a point immediately above the top of the areola will be deemed "likely to cause affront or alarm."

36. Plaintiffs are unable to ascertain whether any exposure of the female breast below a point immediately above the top of the areola will be considered by a police officer to be likely to cause affront or alarm.

37. Further, by exempting certain exposure "necessarily incident" to breast-feeding of infants, Council Bill No. 2015-227 makes clear that it does not exempt expression of breast milk or the breast-feeding of non-infant children.

38. Plaintiffs plan to participate in additional protest, like the one held in August 2015, to advocate for gender equality by challenging the double standards, hypocrisies, and sexualization of women that supports laws and policies that treat women as inferior to men. Because their expressive activity has now been made a criminal act, they must choose between risking arrest and imprisonment or self-censoring their expressive activity. Imposing such self-censorship is the intent of the ordinance.

39. Plaintiffs Lawson and Hutchison also must choose between risking arrest and imprisonment or foregoing the breast-feeding of their children or the expression of breast milk in places open to public view because those actions may subject them to arrest and imprisonment.

40. Pursuant to section 1-7 of the Code of Ordinances, each violation of the challenged ordinance "shall be punished by a fine of not more than $1,000.00 or by imprisonment in jail for a period not exceeding 180 days, or both such fine and imprisonment."

41. At all times relevant to this Complaint, Defendant acts under color of law.

## COUNT I: FIRST AMENDMENT

42. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

43. Section 78-222 violates the Free Speech Clause of the First Amendment to the Constitution, on its face and as applied, because it impermissibly curtails Plaintiffs' free-speech rights.

44. Plaintiffs' expressive conduct of exposing the female breast below a point immediately above the top of the areola is intended to convey a particularized message that is likely to be understood by those who view it.

45. Section 78-222 criminalizes Plaintiffs' expressive conduct, or not, based on the function or purpose of the expressive conduct.

46. Section 78-222 is not narrowly tailored to serve a compelling government interest.

47. Section 78-222 does not further a substantial government interest.

48. Section 78-222's restriction on expressive conduct is greater than necessary to further any government interest.

## COUNT II: DUE PROCESS

49. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

50. Section 78-222 fails to provide persons of ordinary intelligence a reasonable opportunity to understand when exposing the female breast below a point immediately above the top of the areola is prohibited and authorizes or encourages arbitrary and discriminatory enforcement.

51. In addition, as applied to breast-feeding mothers, section 78-222 fails to provide persons of ordinary intelligence a reasonable opportunity to understand when exposing the female breast below a point immediately above the top of the areola would be considered "necessarily incident to breast-feeding an infant" and, thus, authorizes or encourages arbitrary and discriminatory enforcement.

## COUNT III: EQUAL PROTECTION

52. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

53. The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that "no State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

54. Section 78-222 treats women and girls differently than men and boys by criminalizing the identical conduct—exposing one's breast below a point immediately above the top of the areola—if it is engaged in by a woman or girl while at the same time leaving the same conduct by a man or boy unregulated and without sanction.

55. Section 78-222's different treatment of women and girls, on the one hand, and men and boys, on the other hand, is intended to perpetuate traditional gender roles.

56. There is no persuasive justification for treating exposure of one's breast below a point immediately above the top of the areola differently based on the sex of the individual.

## COUNT IV: CONFLICT WITH STATE STATUTE

57. Plaintiffs repeat, re-allege, and incorporate by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

58. Missouri state law provides, *inter alia.*, that "[t]he act of a mother breast-feeding a child or expressing breast milk in a public or private location where the mother and child are otherwise authorized to be shall not . . . [b]e considered an act of public indecency, indecent exposure, sexual conduct, lewd touching, or obscenity or any other similar term for purposes of state or municipal law." Mo. Rev. Stat. § 191.918.

59. Missouri law further provides that "[a] municipality shall not enact an ordinance prohibiting or restricting a mother from breast-feeding a child or expressing breast milk in a public or private location where the mother and child are otherwise authorized to be." Mo. Rev. Stat. § 191.918.

60. Expressing breast milk requires exposure of the breast below a point immediately above the top of the areola.

61. Section 78-222 prohibits or restricts a mother from expressing breast milk in a place open to public view by criminalizing the exposure of the breast below a point immediately above the top of the areola.

62. Section 78-222 restricts a mother from breast-feeding a child who is older than an infant in a place open to public view.

63. Municipalities are without authority to pass ordinances that conflict with state law.

64. Section 78-222 conflicts with Mo. Rev. Stat. §191.918.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray this Court:

    a. Upon motion, grant a preliminary injunction preventing the enforcement of the Ordinance;

    b. Grant a permanent injunction preventing the enforcement of the Ordinance;

    c. Enter a declaration that the Ordinance is unconstitutional on its face and as applied to Plaintiffs;

    d. Award Plaintiffs nominal damages;

    e. Award costs and attorneys' fees pursuant to 42 U.S.C. Sect. 1988; and

    f. Allow such other and further relief as this Court finds just.

Respectfully submitted,

/s/ Anthony E. Rothert
Anthony E. Rothert, #44827
Jessie Steffan, #64861
ACLU of Missouri Foundation
454 Whittier Street
St. Louis, Missouri 63108
Phone: (314) 652-3114
arothert@aclu-mo.org
jsteffan@aclu-mo.org

Gillian R. Wilcox, #61278
ACLU of Missouri Foundation
3601 Main Street
Kansas City, Missouri 64111
Phone: (816) 470-9938
gwilcox@aclu-mo.org

**Attorneys for Plaintiffs**