IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FREE THE NIPPLE – SPRINGFIELD RESIDENTS PROMOTING EQUALITY, JESSICA LAWSON, and AMBER HUTCHISON, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 15-3467-CV-S-BP<br>) |
| CITY OF SPRINGFIELD, MISSOURI, | )<br>) |
| Defendant. | ) |

## ORDER

On November 2, 2016, the Court conducted a telephone conference with the parties to address Defendant's objections to Plaintiffs' deposition notice, issued pursuant to Rule 30(b)(6). (Doc. 50.) All of Defendant's objections were resolved by agreement of the parties except for Defendant's objections to Items 7, 8 and 9. These items would require Defendant to designate a witness prepared to identify the "[g]overnment interest or interests advanced by," respectively: the March 2016 version of Springfield City Code § 78-222, the September 2015 version of § 78-222, and any prior versions of § 78-222. The Court overrules Defendant's objection to these items as they pertain to the March 2016 and September 2015 versions of § 78-222, (Items 7 and 8), but sustains Defendant's objection with respect to all prior versions of the ordinance, (Item 9.)

Defendant argues the governmental interest is reflected in the records related to each ordinance's adoption, making a deposition on the matter unnecessary. Defendant also points out that it has supplied all of the documentation related to the ordinances' adoption, further

establishing that a deposition is unnecessary. However, a Rule 30(b)(6) deposition cannot be averted simply because the information sought can be gleaned through other means. *E.g., Murphy v. Kmart Corp.,* 255 F.R.D. 497, 506 (D.S.D. 2009). The Court agrees that the designated representative is very likely to identify the same governmental interests that are reflected in the documents Defendant has provided. The Court further suspects that the parties already know what those interests are. (*See* Doc. 18, p. 14 (citing *Ways v. City of Lincoln,* 331 F.3d 596, 600 (8th Cir. 2003).) Nonetheless, the Court does not believe the burden of preparing a witness to testify on this subject is great (particularly given that the witness need only identify – and not explain or defend – the interests), and a 30(b)(6) deposition will occur regardless of the Court's resolution of this issue. Accordingly, the Court will not quash Items 7 and 8 from the Notice.

The Court reaches a different conclusion with respect to Item 9, which requires Defendant to designate a 30(b)(6) witness to testify about the governmental interest(s) advanced by all versions of the ordinance prior to September 2015. The burden of preparing a person to testify on all versions of the ordinance stretching back to the founding of the City of Springfield is rather onerous. Moreover, the Court is not persuaded that requiring Defendant to do so serves a purpose that justifies this burden. During the telephone conference, Plaintiffs' counsel explained that he wanted to identify any interests Defendant might proffer to support the challenged ordinances, but this objective is satisfied by requiring the City to (1) provide the documentary information related to the two ordinances at issue in this lawsuit and (2) respond to Items 7 and 8 from the Deposition Notice.

For these reasons, pursuant to Rule 30(b)(6), Defendant shall designate a witness capable of responding to Items 7 and 8 from the Deposition Notice by identifying the governmental

interest(s) served by the two ordinances at issue in this case.  Defendant need not designate a witness prepared to respond to Item 9.

IT IS SO ORDERED.

DATE:  November 3, 2016

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT