IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FREE THE NIPPLE – SPRINGFIELD RESIDENTS PROMOTING EQUALITY, JESSICA LAWSON, and AMBER HUTCHISON, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 15-3467-CV-S-BP ) |
| CITY OF SPRINGFIELD, MISSOURI, | ) ) |
| Defendant. | ) |

**ORDER (1) DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COUNT IV AND (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON COUNT IV**

The Plaintiffs in this case are Free the Nipple – Springfield Residents Promoting Equality ("FTN") and two of its members, Jessica Lawson and Amber Hutchison. They originally filed this suit to present constitutional and statutory challenges to an ordinance enacted in September 2015, ("the September 2015 ordinance"), relating to indecent exposure. In March 2016, while the case was pending, Defendant, (the City of Springfield, or "the City"), passed a new ordinance, ("the March 2016 ordinance"), which essentially reinstated the ordinance that existed before September 2015. Plaintiffs then filed a Second Amended Complaint, which asserted constitutional claims related to both the September 2015 ordinance and the March 2016 ordinance. Specifically, Counts I, II and III asserted claims related to the September 2015 ordinance, and Count IV asserted claims related to the March 2016 ordinance.

On September 14, 2017, the parties filed a Joint Motion for Entry of Consent Judgment as to Counts I, II and III. The Court granted the parties' motion, (Doc. 113), which left only Count IV's challenge to the March 2016 ordinance. The parties had also previously filed cross-

motions for summary judgment on all claims. Given that Counts I, II, and III have been resolved, the Court considers the arguments raised with respect to Count IV only. As discussed below, Plaintiffs' motion, (Doc. 86), is **DENIED** and the City's motion, (Doc. 87), is **GRANTED**, and the City is granted summary judgment on Count IV.

## I. BACKGROUND

The March 2016 ordinance defines indecent exposure to include "exposure of . . . the female breast with less than a fully opaque covering of any part of the areola or nipple . . . ." The Record also contains facts about human anatomy. Some of these facts are disputed, but most are not. Regardless, these facts are not relevant under the governing case law and need not be discussed at length.

Plaintiffs allege that the March 2016 ordinance facially violates the Equal Protection Clause because it forbids women from publicly displaying their areolas and nipples while allowing men to do so. The City argues that its police powers permit it to regulate public nudity and that it need not define public nudity the same for men and women. The Court resolves these arguments below.

## II. DISCUSSION

A moving party is entitled to summary judgment on a claim only upon a showing that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." *See generally Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Tyler v. Harper*, 744 F.2d 653, 655 (8th Cir. 1984), *cert. denied*, 470 U.S. 1057 (1985).

However, only disputes over *material* facts can preclude summary judgment. "[T]he materiality determination rests on the substantive law, and it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The "substantive law" at issue is the law governing Plaintiffs' claims, because "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted).

Differing treatment of men and women may implicate the Equal Protection Clause, but "a gender-based classification will be upheld if it bears a fair and substantial relationship to legitimate state ends" or if it "bear[s] a substantial relationship to important governmental objectives." *Michael M. v. Superior Court of Sonoma County,* 450 U.S. 464, 468-69 (1981) (quotations omitted); *see also United States v. Virginia,* 518 U.S. 515, 532-34 (1996). "In short, the Equal Protection Clause does not mean that the physiological differences between men and women must be disregarded" so long as those differences are not "a pretext for invidious discrimination," *Michael M.,* 450 U.S. at 481, or based on notions of women's roles, talents or abilities. *E.g., Sessions v. Morales-Santana,* 137 S. Ct. 1678, 1692 (2017); *Mississippi Univ. v. Hogan,* 458 U.S. 718, 724-26 (1982). However, classifications predicated on anatomical and biological differences between men and women are generally upheld. *See, e.g., Michael M.,* 450 U.S. at 470-71.

The City has a legitimate interest in promoting decency and protecting morals by prohibiting public nudity, and this interest constitutes an important governmental objective. "Public indecency, including nudity, was a crime at common law, and public indecency statutes are clearly within the police power of state and local governments." *SOB, Inc. v. County of*

3

*Benton,* 317 F.3d 856, 860 (8th Cir. 2003); *see also Barnes v. Glen Theatre, Inc.,* 501 U.S. 560, 567-70 (1991) (plurality opinion); *Ways v. City of Lincoln,* 331 F.3d 596, 600 (8th Cir. 2003). Plaintiffs do not dispute this point, but argue that the City's differing treatment of men and women preserves gender stereotypes and constitutes the sexualization of women, so the Equal Protection Clause requires the City to allow men and women to display the very same parts of their bodies.

However, the Equal Protection Clause has never been interpreted so strictly. In fact, the Eighth Circuit previously rejected the rigid application of the Equal Protection Clause that Plaintiffs advocate when it decided *Ways v. City of Lincoln*. In *Ways,* the Eighth Circuit addressed a section of the Lincoln Municipal Code that prohibited women (but not men) from showing their "breast(s) with less than a fully opaque covering on any part of the areola and nipple." The prohibition was challenged on a variety of grounds, including as a violation of the Equal Protection Clause. The Eighth Circuit first observed that the ordinance "arguably" did not implicate Equal Protection concerns because the ordinance "was based on a real physical difference between men and women's breasts, thus men and women were not similarly situated for equal protection purposes." *Id.* at 600 n.3. Next, the Court concluded that the ordinance was constitutional even if it drew gender-based distinctions, because it "serve[d] 'important governmental objectives' and . . . is 'substantially related to the achievement of those objectives.'" *Id.* at 600 (quoting *United States v. Virginia,* 518 U.S. 515, 532-34 (1996)). The Court of Appeals held that this higher standard of scrutiny was satisfied because "the city's interests in preventing the secondary adverse effects of public nudity and protecting the order,

4

morality, health, safety, and well-being of the populace are important" and "[t]he ordinance is substantially related to those objectives, and thus the higher standard is satisfied." *Id.*[1]

Plaintiffs attack *Ways*' holding by contending that men's and women's breasts are anatomically similar in a myriad of ways and that exposure of the female breast should not be considered indecent. Plaintiffs' arguments notwithstanding, there is no denying that men's and women's breasts are different. Nor is there any dispute that our society has long considered them to be different, particularly as related to matters of decency. It is enough to observe that (1) the City's police power permits it to prohibit public nudity, (2) men's and women's breasts are different, and (3) the differing treatment of men's and women's breasts is related to the City's legitimate interest in prohibiting nudity and promoting morality.

Plaintiffs also attempt to distinguish *Ways* by contending that the City allows for (and regulates) adult entertainment, which the Plaintiffs find significant because it means that the City "has accepted the secondary effects of nude dancing and seeks only to outlaw exposures of female nipples not for the purposes of adult entertainment." (Doc. 90, p. 49; *see also* Doc. 96, p. 21.) It is not clear how the City's regulation of adult entertainment makes *Ways* inapplicable. The City does not allow nude dancing in the public streets, and nothing in *Ways* suggests that the City of Lincoln surrendered its power to regulate indecent exposure in public places simply because it regulated adult entertainment. The fact that the City allows for nude dancing in certain circumstances does not undermine *Ways*' applicability here. Plaintiffs also contest the

---

[1] In holding that the ordinance did not violate the Equal Protection Clause, the Eighth Circuit joined the near-unanimity of judicial opinions on the topic. *E.g., Buzzetti v. City of New York,* 140 F.3d 134, 142-43 (2d Cir. 1998); *United States v. Biocic,* 928 F.2d 112, 115-16 (4th Cir. 1991); *J&B Social Club No. 1, Inc. v. City of Mobile,* 966 F. Supp. 1131, 1139 (S.D. Ala. 1996); *Craft v. Hodel,* 683 F. Supp. 289, 299-300 (D. Mass. 1988); *Tolbert v. City of Memphis,* 568 F. Supp. 1285, 1290 (W.D. Tenn. 1983); *City of Jackson v. Lakeland Lounge of Jackson, Inc.,* 688 So.2d 742, 750-52 (Miss. 1996); *State v. Vogt,* 775 A.2d 551, 557-59 (N.J. Super. Ct. App. Div. 2001); *City of Tucson v. Wolfe,* 917 P.2d 706, 707-09 (Ariz. Ct. App. 1995); *State v. Turner,* 382 N.W.2d 252, 255-56 (Minn. Ct. App. 1986).

logic of *Ways* and point to cases construing the Equal Protection Clause that post-date that decision, but there is no binding authority that overrules *Ways* (or the cases upon which it relies), and the Court has no other basis for concluding that *Ways* is invalid.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that the March 2016 ordinance does not violate the Equal Protection Clause.  Therefore, Plaintiffs' Motion for Summary Judgment is **DENIED** and the City's Motion for Summary Judgment is **GRANTED**, and judgment is entered for the City on Count IV.

**IT IS SO ORDERED.**

DATE:  October 4, 2017

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
UNITED STATES DISTRICT COURT